ARNOLD  v.  STATE.

(*Nashville.*    January  25,  1896.)

COSTS.   *Retaxation of.*

    The refusal of the Circuit Judge to retax costs, upon a motion made before judgment and taxation thereof, which fails to specify the items or grounds of objection thereto, will not be reviewed in this Court upon a record containing no bill of exceptions.

Case cited : Sherman v. Brown, 4 Yer., 561.


FROM  DAVIDSON.


Appeal in error from Criminal Court of Davidson County.    M. D. SMALLMAN, J., by interchange.

A.  J.  CALDWELL  for  Arnold.

Attorney-general PICKLE and W. H. WASHINGTON for State.

WILKES, J.    Defendant was indicted for felonious assault and malicious stabbing; was convicted of assault and battery, and sentenced to pay a fine of $75 by the jury.    Motion for new trial and in arrest of judgment was made, and overruled.    The defendant also moved to retax the costs, and based his motion upon the ground that, having been ac-

quitted of the felony, and only convicted of a mis-
demeanor, he could not be charged with such costs
as accrued in the effort to convict him of the felony.
He alleged in his motion that many subpœnas were
illegally issued, and that mileage was allowed con-
trary to law. The Court overruled the motion, as-
signing as a ground that defendant had pointed out
no improper charges, and, thereupon, judgment was
pronounced for the $75 fine and all legal costs, and
from this judgment an appeal was prayed by the
defendant to this Court. The bill of costs, as
shown by the transcript, amounts to $872.20.

There was no bill of particulars filed with the
motion to retax, showing items complained of, and
giving the grounds of complaint as to each specially,
and there is no bill of exceptions in the record.
Under this state of the record, this Court can grant
no relief, because the motion to retax was made be-
fore judgment, and before the bill of costs was
made up.

The errors were not specifically pointed out in
the Court below, and are not in this Court, and
there is no bill of exceptions in this Court from
which the data necessary could be obtained, if de-
fendant should be entitled to relief. This Court
cannot see, from a mere inspection, what part of
this bill of costs was incurred in the attempt to
convict of felony and what to convict of the mis-
demeanor.

The judgment of the Court below only adjudges

that defendant pay "all legal costs," and no motion is made after the judgment, and after the bill of costs is made out under it, and the taxation, as made, was practically unchallenged in the Court below.

In an effort to retax costs, the action of the Court below must be had, and the specific items then pointed out, and its action can only be reviewed in this Court upon proper evidence and upon matters appearing from the record. *Sherman* v. *Brown et al.*, 4 Yerg., 561.

The appeal must, therefore, be dismissed at the cost of defendant. This does not prevent him from making proper application in the Court below, and obtaining such relief as he may be entitled to.